IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARK GREENE,

    Plaintiff,

     v.

TRIPLE-S PROPIEDAD, INC., et al.,

    Defendants.

CIVIL NO. 19-1896 (MEL)

**OPINION & ORDER**

Pending before the court is defendant Triple-S Propiedad, Inc.'s ("Triple-S") motion for a new trial or to amend or alter the judgment, as well as plaintiff Mark Greene's response in opposition to the same. ECF Nos. 103, 106. For the reasons stated below, defendant's motion is DENIED.

"The court may, on motion, grant a new trial on all or some of the issues – and to any party …after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court…." Fed.R.Civ.P. 59(a)(1)(A).

> [A] district court may exercise its discretion to grant a [Fed.R.Civ.P.] 59 motion if "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." District courts "may set aside a jury's verdict and order a new trial only if the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice."

*Rivera Castillo v. Autokirey, Inc.*, 379 F.3d 4, 13 (1st Cir. 2004) (citations omitted).

> Unlike a motion for judgment notwithstanding the verdict under Fed.R.Civ.P.50(b),
>
> a motion for a new trial allows the court to weigh the evidence for itself and consider the credibility of witnesses. If a new trial is not granted, plaintiff can be

> given the option to accept a remittitur of its damages. The court may then issue a remittitur reducing the plaintiff's compensation to the amount "a proper[ly] functioning jury should have found." The trial court has discretion to reduce the amount of the jury's award if such award is not "supported by the weight of the evidence."

*Van Blargan v. Williams Hospitality Corp.*, 759 F.Supp. 940, 943 (D. Puerto Rico 1991) (citations omitted).[1] If the court determines that a remittitur is warranted, the plaintiff must be given the option to either accept the remitted damages or have new trial. *Mejías Quirós v. Maxxam Property*, 108 F.3d 425, 429 (1st Cir. 1997).

Defendant correctly asserts that this is a case of property damages. ECF No. 103 at 1. Although initially the case was deemed as one in which the jury would have to determine issues of both liability and damages, at the charging conference held on the third day of trial defendant voluntarily desisted from making any arguments or claims that it was not liable and a consensus was reached to ask the jury to deliberate solely on the issue of damages. ECF Nos. 70, 91. Thus, having the matter of Triple-S Propiedad, Inc.'s liability unquestioned, the jury verdict form used, which was not objected to by either plaintiff or defendant, focused exclusively on damages. ECF No. 98.

The jury's verdict awarded $800,000.00 in damages to plaintiff's residence and its attached structures and $100,000.00 in damages related to the appurtenant structures not attached to the residence. Id.[2] Triple-S believes that the amount awarded by the jury was not supported by the evidence that was presented at trial. As a remedy, it prays for a new trial, or in the alternative,

---

[1] "On a motion for new trial – unlike a motion for a judgment as a matter of law – the judge may set aside the verdict even though there is substantial evidence to support it. The judge is not required to take that view of the evidence most favorable to the verdict-winner. The mere fact the evidence is in conflict is not enough to set aside the verdict, however. Indeed the more sharply the evidence conflicts, the more reluctant the judge should be to substitute his judgment for that of the jury. But on a motion for a new trial on ground that the verdict is against the weight of the evidence, the judge is free to weigh the evidence." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2806 (3d ed. 2012).

[2] Once the applicable deductibles under the insurance policy were subtracted, judgment for the sum of $872,962.00 was issued. ECF No. 99.

2

a remittitur. ECF No. 103.

Triple-S advances multiple arguments in support of its motion. One of them is that "the erroneous verdict was partially based on the continuous comments of Plaintiff's counsel, expressing irrelevant comments about the time that has passed since the hurricane without payment from Triple-S and comments clearly directing the jury to punish Triple-S." Id at 2-3. First, defendant fails to quote with specificity which comments he is alluding to. Second, to the extent that defendant did not object to any such comments in a timely manner, such objections have been waived. Third, if Triple-S was concerned about the possibility that the jury might somehow award punitive damages, it could have requested that a jury instruction be given to ensure that the jury understood that punitive damages were not to be considered or awarded in this case. Yet, no such request was made by Triple-S. Fourth, prior to deliberations, the jury was instructed that the plaintiff was only seeking physical damages to his property at 45 Harbour Lights, Humacao, Puerto Rico, based on the insurance policy issued by Triple-S. Furthermore, the jury was instructed that Mr. Greene was not seeking compensation for lost income, lost rent, pain and suffering, additional living expenses, or contents of the house. Therefore, Triple-S' request for a new trial or a remittitur on this basis is untenable.

Triple-S advances other arguments as to why it feels that the jury award constitutes an exaggerated sum. For example, defendant claims that the verdict was partially based on the "baseless" testimony of Andrew Fusco, plaintiff's expert witness. More specifically, Triple-S focuses on the fact that evidence was presented during trial that World Claim, the company that Mr. Fusco presides, entered into a contingency agreement with Mr. Greene. Thus, Triple-S contends, Mr. Fusco's expert testimony was biased because World Claim "had a proprietary interest in the claim and would have obtained a higher payment by obtaining a higher payment

3

from Triple-S." ECF No. 103 at 9.[3] Triple-S also highlights vulnerabilities in Mr. Fusco's qualifications, such as his lack of formal academic degrees and the fact that he is not an architect or an engineer, and the methodology he used in reaching his estimates, including but not limited to tax errors, the fact that he did not consult any local contractor as to pricing for repairs but instead used software from Spain, and the addition of a 30% premium due to "demand surge." In sum, Triple-S concludes, Mr. Fusco's "opinion are [sic] not reliable an [sic] lack any scientific accuracy." Id. at 10.

As to Mr. Greene's testimony, Triple-S contends that he did not visit the residence at issue after Hurricane María struck Puerto Rico, did not contribute in any way to the repairs of the house, and has no first-hand knowledge of the damages sustained in the property. With respect to the testimony of Justino Orozco, the person residing at 45 Harbour Lights, Triple-S emphasizes that he did not testify as to what money, if any, he spent on repairs and could not even identify the adjusters that allegedly visited the property after the hurricane. In addition, no photographs were introduced at trial, claims Triple-S, showing the condition of the residence before the impact of Hurricane María, thus making it more difficult to assess what damages were caused by the hurricane.

All the arguments raised by Triple-S are matters that the jurors were given an opportunity to weigh during their deliberations. Mr. Fusco opined that Mr. Green's property at 45 Harbour Lights suffered damages in the amount of $1,269,611.09. Engineer Efraín Tirado, Triple-S' expert witness, on the other hand, estimated damages in $556,528.59 (gross) and $462,707.16 (net). ECF No. 103 at 10, ¶15; at 12, ¶20. The jury awarded a total of $900,000.00 in damages, which resulted in a net amount, once deductibles were applied, of $872,962.00. Thus, the jury

---

[3] Triple-S also claims that that Mr. Fusco was emotionally attached to the case.

did not completely side with either Mr. Fusco or Eng. Tirado. Perhaps one or more than one of the concerns raised by Triple-S played a part in the jury's decision not to award the full amount assessed by Mr. Fusco.

Although the testimony of Mr. Greene did not contribute much to establish the extent of the damages caused by the hurricane on the property, at least it helped to provide some perspective as to the state of the house before the impact of the hurricane. For example, Mr. Greene testified that the house was in impeccable condition before the passing of Hurricane María because he wanted to sell it. This was consistent with Mr. Orozco's testimony that before the hurricane, the house was in perfect condition. Therefore, although plaintiff did not introduce any detailed photographs as to the state of the residence prior to Hurricane María, there was other evidence on the issue.

Mr. Orozco's testimony also provided other details, such as, for example, a generator that was dislodged from its base and a skylight that was blown away, roof tiles that were damaged and in need of replacement, repairs to the plumbing system, the kitchen, and a bathroom, among others. True, Mr. Orozco's testimony lacked many specifics, but his testimony has to be viewed in the context of the entire evidence presented in the case, including the photographs that the jury was able to take into the deliberation room.

Mr. Fusco indeed is not an architect or an engineer, but he testified about his experience adjusting claims related to damages caused by natural disasters in various jurisdictions of the United States and some foreign countries. He also explained, despite not citing any specific industry-specific publications, why he applies a 30% demand surge in situations were suddenly there is an abrupt increase in demand for certain materials or labor for reconstruction or repairs. More specifically, he explained that if the recovery process is slow, prices go up steadily but

slowly. On the other hand, according to Mr. Fusco, if the recovery process is speedy, prices increase quickly and drop quickly. His evaluation regarding expenses pertaining to the cleaning of the house with a power washer did appear to be excessive and the contingency nature of the original agreement between Mr. Greene and World Claim raises legitimate concerns, but the jury's award appropriately discounted a reasonable sum from Mr. Fusco's total estimate.

Taking into account the totality of the evidence introduced at trial, it cannot be said that the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice. Accordingly, defendant's motion for a new trial and its request for a remittitur are DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of January, 2022.

<u>s/ Marcos E. López</u>
United States Magistrate Judge